# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVID MEYERS,** | ) Civil Action No. 7:18cv00557 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| **B. DYE, et al.,** | ) By: Michael F. Urbanski |
| Defendants. | ) Chief United States District Judge |

Plaintiff David Meyers, a Virginia prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, and requests to proceed in forma pauperis. However, at least three of Meyers' previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Therefore, Meyers may not proceed with this action unless he either pays the filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Meyers has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

---

[1] See, e.g., Meyers v. Jones, 7:18cv414 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous and malicious); Meyers v. Clarke, 7:18cv460 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous and malicious); Meyers v. U.S. District Court, Big Stone Gap Division, 7:18cv472 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous); Meyers v. Northam, 7:18cv473 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous); Meyers v. U.S. District Court, Roanoke Division, 7:18cv474 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous); Meyers v. Clarke, No. 7:18cv435 (W.D. Va. Sept. 7, 2018) (dismissed with prejudice as frivolous); Meyers v. Bass, No. 2:95cv774 (E.D. Va. Aug. 15, 1995) (dismissed without prejudice as frivolous); Meyers v. U.S. District Court, Richmond Division, No. 2:07cv363 (E.D. Va. Nov. 1, 2007) (dismissed with prejudice for failing to state a claim); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015) (holding that a "strike" dismissal is counted regardless to the timing of a subsequent appeal).

[2] Meyers' allegations concern incidents that occurred in 2016 at Pocahontas State Correctional Center ("Pocahontas"). Meyers was housed at Red Onion State Prison when he filed this action in 2018, and he is now housed at Wallens Ridge State Prison. In his amended complaint, he also alleges that court and clerk refused to receipt and process this case. The court notes, however, that this action was filed on the court's docket the same date it was received by the court. Also, the court has filed at least one other case that involved the same incidents at Pocahontas. See Civil Action No. 7:18cv273. None of his allegations in this case suggest that Meyers was under imminent danger of serious physical injury when he filed the action. See Springer v. Day, No. 7:16cv261, 2016 U.S. Dist. LEXIS 76270, at *3, 2016 WL 3248601, at *1 (W.D. Va. June 13, 2016) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)) ("Courts have held that the imminent danger exception to § 1915(g)'s 'three strikes' rule must be construed narrowly and applied only for 'genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate' to the alleged official misconduct.")

**ENTER**: This 30th day of January, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge